*T. F. Hallam, for appellant.*

---

## AMERICAN LIFE INS. CO. *v.* CINCINNATI WINE CO.

**Clerical Misprision.**
> When the clerk of the court, by oversight or inadvertence, has mis-taken the true amount of uncontradicted exhibit filed in a suit, it will be regarded as a misprision and corrected on motion.

### APPEAL FROM KENTON CHANCERY COURT.

October 30, 1877.

OPINION BY JUDGE COFER:

On the 6th day of March, 1871, the appellee borrowed of appellant $20,000 for the period of three years at ten per cent. interest, and for the interest executed six notes of $1,000 each at six, twelve, eighteen, twenty-four, thirty and thirty-six months from the day of the contract; in other words, the appellant loaned the money at 10 per cent. interest, payable semi-annually and took notes for the interest.

The first note for the interest was paid, but the second one was not; and as the appellee had been sued by other parties, the appellant made its appearance in the litigation and asked for a forfeiture of the appellee's contract for its failure to pay the instalments of interest when due, which had been provided for by its terms, and it also asked for the enforcement of its lien on some real estate of the appellee, which it held in mortgage as a security for the debt due it.

On the trial of the suit in the court below the appellant was successful in having it adjudged that the appellee, by its non-compliance with the terms of its contract with appellant, had forfeited its right to insist on the three-year credit, and judgment was rendered in appellant's favor for the $20,000 with interest, etc., and its lien enforced for its payment. At the sale of the mortgaged property appellant, by its agent, became the purchaser at the price of $25,012.03. The commissioner, under the belief that appellant's agent had only bid the amount of its debt, reported that he had taken no bond, and

on exceptions filed by Palmer, Howitt, Thompson and appellee to the commissioner's report, the court adjudged that the mortgaged property had brought $1,893.33 more than the amount of appellant's debt; and the appellant having refused to execute bond for this excess, so much of the mortgaged property was ordered to be sold as would pay this sum with interest and cost.

From the judgment in favor of the present appellant the present appellee and others brought the case here by an appeal, and this appellant prayed a cross-appeal; and one of the reasons given why the judgment should be reversed on cross-appeal was that appellant was entitled to ten per cent. interest on its loan to appellee, which had not been adjudged to it, and it asked for a mandate directing the rendition of a judgment in its favor for its claim with ten per cent. interest from the 6th day of September, 1872.

On hearing this court affirmed the judgment of the court below, both on the original and cross-appeal. On the return of the suit to the lower court, and after notice to the appellee, the appellant moved the court for a correction of what it called a clerical misprision of the clerk in entering judgment for appellant's claim with only six per cent. interest, when the interest according to the contract and pleadings should have been ten per cent.

This attempted change of the judgment was resisted by the appellee and appellant's motion overruled by the court, from which judgment the case is again hereby appealed.

There can be no doubt that when the clerk of the court, by oversight or inadvertence, has mistaken the true amount of an uncontradicted exhibit filed in a suit, it will be regarded as a misprision and corrected on motion; but although the appellant was to receive ten per cent. interest on the sum loaned to appellee, the appellee was not to pay the principal of the debt till the expiration of three years, but it was agreed that if the appellee did not pay the interest notes as they fell due he was to forfeit the credit to which he was entitled on the principal of the debt, and as the appellant brought his suit long before the expiration of the credit named in the $20,000 note, and insisted that the appellee had forfeited his right to the credit by his failure to pay the interest when due, it was not entirely clear and free from doubt whether more than six per cent. should be adjudged in such a case, and we are therefore of opinion that it was not a clerical misprision.

The lower court certainly did not consider it a misprision, for when the exceptions were filed to the commissioner's report the ap-

pellant tried to sustain it, and the court ruled against it, and the same question was made in the cross-appeal of the present appellant through its counsel by brief, and the court again ruled against it by an affirmance of the judgment of the lower court both on the original and cross-appeal.

Wherefore the judgment is *affirmed.*

*Stevenson & O'Hara, for appellant. T. F. Hallam, for appellee.*